## KNOOP v. WOODWARD.
### Patent Appeal No. 3195.

Court of Customs and Patent Appeals.
March 26, 1934.

J. W. Schmied, of New York City, for appellant.

Eugene C. Brown, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority of invention to appellee Marion H. Woodward.

The alleged invention relates to improvements in an "interpolating receiving system," which restores or interpolates attenuated short signal impulses.

The issues involved are such that a more detailed explanation of the invention is not required.

There is but one count (count 3) involved in the interference. It reads: "3. In a telegraph system as set forth in claim 8, said distributor being arranged to actuate the receiving magnets during substantially 50% of a unit signal impulse period while permitting the transmission of impulses to the printer magnets for any desired percentage of the unit signal impulse period up to 100%."

Count 3 was originally count 1, the only count involved in interference No. 58,662, declared July 31, 1929, between appellant's application, serial No. 362,781, filed May 13, 1929, referred to in the record as appellant's "Case B," and appellee's patent, No. 1,699,-418, issued January 15, 1929, on an application filed May 10, 1927.

Appellee, in his preliminary statement, alleged conception of the invention "in March, 1927." He stated that he did not reduce the invention to practice prior to the filing of his application.

In his preliminary statement, appellant claimed conception of the invention on December 27, 1926, and reduction to practice on or about January 26, 1927.

In view of the fact that there were pending in the Patent Office two other interferences, Nos. 58,661 and 58,663, between an application of appellant, serial No. 253,239, filed February 10, 1928, referred to in the record as appellant's "Case A," and appellee's patent, hereinbefore referred to, the Examiner of Interferences, on February 1, 1930, consolidated interferences Nos. 58,662 and 58,663 with interference No. 58,661. The consolidated interference, No. 58,661, involved two applications of appellant, and appellee's patent. All told, there were fifteen counts involved, Nos. 1 to 15, inclusive. The subject-matter of count 3, which was originally count 1 of interference No. 58,662, was not claimed in appellant's first application, "Case A."

Appellant submitted evidence relative to his conception and reduction to practice, and relied upon substantially the same evidence in support of his claim of priority of invention of the subject-matter defined in each of the counts.

Appellee submitted no evidence, but relied upon his filing date for conception and reduction of the invention to practice.

Appellant's first application, serial No. 253,239, filed February 10, 1928, "Case A," was pending at the time the patent to appellee issued; whereas appellant's second application, No. 362,781, filed May 13, 1929, "Case B," was filed approximately four months subsequent to the issuance of appellee's patent.

So far as count 3 was concerned, appellant had the burden of establishing priority of invention beyond a reasonable doubt.

The tribunals below concurred in holding that appellant was entitled to an award of priority as to the subject-matter of all of the counts, except count 3 claimed only in appellant's later application "Case B." As to that count it was held that, although appellant was the first to conceive and the first to reduce the invention to practice, he had suppressed and concealed it, and, therefore,

was not entitled to an award of priority. Accordingly, priority of invention was awarded to appellee.

In view of the fact that the evidence introduced by appellant was directed to the subject-matter of each of the counts involved in the consolidated interference, No. 58,661, we think the issues as to count 3 may be somewhat clarified by quoting from the decision of the Examiner of Interferences relative to the other counts involved, although the question of priority of those counts is not before us for determination. With reference thereto, we quote from the Examiner's decision:

"In view of the fact that the party Woodward has in his brief admitted and in fact urged that the invention in issue was embodied in a complete apparatus and operated on January 26, 1927, by the party Knoop, it is deemed unnecessary to here consider in detail the testimony of these corroborating witnesses.

"It is however urged by the party Woodward that although Knoop had conceived the invention, constructed a device embodying said invention, and successfully operated it by January 26, 1927, he has taken no steps to bring the device to the notice of the public until after the issuance of the patent to Woodward. It is therefore urged that Knoop has suppressed and concealed the invention and is not entitled to an award of priority under the doctrine of Mason v. Hepburn, 1898 C. D. 510, and Hambuechen v. Schorger, 1926 C. D. 204 [56 App. D. C. 141, 10 F.(2d) 1006].

"As Knoop's case A was copending with the Woodward patent while his case B was filed after the issuance of said Woodward patent, it is deemed necessary to separately consider Knoop's position with respect to these two cases.

"Knoop's position with respect to his case A will be considered first.

"It is to be noted that from the date of the early test by Knoop, on January 26, 1927, until the filing date of his case A, February 10, 1928, there is a lapse of a period slightly over one year. *With respect to the activity by the party Knoop during this period, it is to be noted that his Exhibits 1 and 2 present documentary evidence of practically continued activity relative to the invention in issue, as represented by the counts found in case A, with various changes thereof* and *improvements thereon throughout the entire period.* Knoop testifies in considerable detail as to his continuous activity as recorded in these Exhibits 1 and 2. * * *

"This testimony on behalf of the party Knoop clearly establishes that there was no suppression or concealment of the invention as disclosed in Knoop's case A. On the contrary, it shows that the invention was not only conceived and reduced to practice but it was continually and repeatedly tested for a considerable period of time to determine its possibilities, up until the time the application for patent (case A) was filed. It further shows that the Knoop application (case A) was being prepared prior to the date the Woodward patent issued." (Italics ours.)

Relative to count 3 and the issues relating thereto, the Examiner of Interferences, among other things, said:

"As before stated, case B was not filed until after the patent to Woodward had issued, it being filed approximately four months thereafter.

*"That the invention of this count was conceived and reduced to practice by the party Knoop on January 26, 1927, it is not disputed by Woodward.* It is, however, to be noted that the Knoop application (case B) embodying this particular embodiment of the generic invention made on January 26, 1927, was not filed until approximately one year and three months after the filing of Knoop's application (case A) which is based on a *subsequent development* of Knoop's invention which was made during March of 1927. *It is furthermore to be noted that all the experiments on the general subject matter here in issue ceased about January of 1929 (Record, p. 39, Q. 25).* While in companion interference 57,318, involving the patent to Foster and Knoop's application (case A), it was shown on behalf of the party Knoop that the said case A was filed during the time tests were being made on the invention there involved and that the said case A was in the process of preparation by the Patent Department of the Bell Telephone Laboratories, Inc., prior to the issuance of the Foster Patent, *there has been no evidence whatever that there were any experiments being conducted by the party Knoop when his application case B was filed or turned over to the Patent Department.* In fact, Knoop's evidence clearly shows experiments had entirely ceased prior to the time his case B was filed. There is likewise no evidence that the Knoop case B was being prepared by the Patent Department of said Bell Telephone Laboratories, Inc. prior to the date that the Woodward patent issued. *The fact that the Knoop case B which discloses Knoop's earliest embodiment of the broad*

*invention here in issue was filed over a year subsequent to the date on which his case A here in issue was filed, which case A is based upon a later development of the broad invention here in issue, indicates that it was the intention of Knoop to patent only the embodiment of his invention as illustrated in his case A until he was aware that Woodward was claiming the particular feature of the invention now disclosed only in case B as illustrated by count 3.* (With the exception of the words 'subsequent development' and 'subsequent.')" (Italics ours.)

In his decision denying appellant's petition for a rehearing, the Examiner of Interferences stated that count 3 was "found only in Knoop's Case B," and that, "Apparently Case A has never been offered as a basis for count 3 nor was notice ever given under rule 154 (e) that Knoop Case A was to be relied upon to support said count."

The Board of Appeals was of opinion that the question of priority of the subject-matter of count 3 was not before it for determination, and, therefore, dismissed appellant Knoop's appeal as to that count. We quote from the decision of the board: "The party Knoop has not raised any question as to the correctness of the examiner's ruling that he is not entitled to receive a patent based on the later filed application. The only matter urged before us by this party is his right to an award of priority as to the subject matter of count 3 based upon the evidence and the first application. This matter has never been decided by the Examiner of Interferences and if it was not before him it is therefore not before us for consideration."

Thereafter, appellant filed a petition with the Commissioner of Patents requesting that the Commissioner exercise his supervisory authority and remand the interference, so far as count 3 was concerned, to the Examiner of Interferences with instructions to render a decision in accordance with the evidence in the case, or, in the alternative, that the Board of Appeals be instructed to render a decision on the merits of the case.

The Commissioner of Patents held that it was the duty of the Board of Appeals to consider the question of priority on its merits, and either affirm or reverse the decision of the Examiner of Interferences.

Thereafter, on February 29, 1932, the Board of Appeals rendered a decision modifying its original decision. It held that the Examiner of Interferences was right in holding that appellant was not entitled to rely on his first application, "Case A," in support of count 3; that appellant had suppressed and concealed the invention defined by that count; and that, therefore, appellee was entitled to an award of priority.

■■ At the time of the oral argument in this court, counsel for appellee, in open court, conceded that the invention defined in count 3 was disclosed in appellant's first application, serial No. 253,239, filed February 10, 1928, appellant's "Case A." It is not claimed by counsel for appellee that appellant was not the first to conceive and the first to reduce the invention to practice. It is contended, however, that appellant deliberately discarded it in favor of the later invention, referred to in the decision of the Examiner of Interferences, which, it is claimed, appellant considered of more value; that he concealed and suppressed the involved invention; and that he was prompted to file his application for a patent solely because of the issuance of a patent for the invention to appellee.

It appears from the evidence of record, as held by the Examiner of Interferences, that appellant was actively engaged from the time he reduced the involved invention to practice, in January or February, 1927, to about January, 1929, in making changes and improvements in the general subject-matter involved in the interference, and that the application here involved was filed approximately three and one-half months after such activities were discontinued, about one year and three months after the filing of his first application, "Case A," for a patent "on a subsequent development of Knoop's invention which was made during March of 1927," and about four months after appellee's patent issued. Those findings are clearly sustained by the evidence. It was upon those facts that the tribunals below concluded that appellant abandoned, suppressed, and concealed the involved invention.

Although in interference cases the first inventor may, by concealing and suppressing his invention, be estopped "from claiming to be, in the eyes of the law, the first inventor," and although long, unreasonable, and unexplained delay may warrant the application of a doctrine akin to estoppel, such concealment and suppression will not be inferred because of mere failure to file promptly an application for a patent. Rudolf Wietzel v. Burrit Samuel Lacy, 39 F.(2d) 672, 17 C. C. P. A. 943; Hathaway v. Field, 48 App. D. C. 369; Donald A. Miller v. Eber J. Hayman, 46 F.(2d) 188, 18 C. C. P. A. 848.

In view of the fact that it is conceded,

and properly so we think, that the invention defined in the involved count was disclosed by appellant in his application first filed, "Case A," it is obvious that there was no intention on the part of appellant to conceal or suppress that invention. Why it was not claimed in the first application does not appear from the record, nor is it a matter of any great concern here. It might have been claimed in a divisional application. The fact that it was not, and that appellant chose to file a new application therefor, does not warrant a finding that he abandoned, concealed, and suppressed the invention. Nor do we find any other evidence of record to sustain such a finding.

We are of opinion, therefore, that as appellant is the first inventor, he is entitled to an award of priority, and such will be our holding.

The decision is reversed.

Reversed.

GARRETT, Associate Judge, did not participate.